UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| DEBRA KOHLHEIM, ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:25-CV-2042 |
| | § | |
| BRENDA CURTIS, ET AL, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter in which Plaintiff is proceeding pro se is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. ECF 4. Having considered the parties' submissions and the law, the Court recommends that Defendant's Motion be granted.

### I.   Procedural Background

Plaintiff Debra Kohlheim, pro se, initiated this case in Harris County Civil Court at Law No. 4 on December 16, 2025 seeking $250,000 from six individual Defendants for negligence, defamation, and fraud related to the alleged denial of "a 1.2 million contract."[1] ECF 1-3 at 10-13. Defendants made a special appearance in

---

[1] Plaintiff purports to bring this case on behalf of a second plaintiff, Lawonne Eleanora-Wells. *See, e.g.,* ECF 1-3 at 207-09; ECF 5. Eleanora-Wells has not signed any pleading on her own behalf and has not provided any contact information for the docket sheet. Plaintiff can appear pro se only on her own behalf and cannot represent another party pro se. *Raskin on behalf of JD v. Dallas Indep. Sch. Dist*., 69 F.4th 280, 283 (5th Cir. 2023). Although Eleanora-Wells in not properly before the Court, the Court's ruling herein on personal jurisdiction applies equally to any

County Court challenging personal jurisdiction. *Id.* at 179-80. On March 2, 2026, Plaintiff filed an Amended Petition to add "Maryland State Department Office of Childcare Licensing" as a Defendant. *Id*. at 193-94. Defendants filed an Amended Special Appearance adding the new Defendant. *Id.* at 203-05. Defendants jointly removed the case to federal court within 30 days of service of the Maryland State Defendant, correctly named Maryland State Department of Education. ECF 4; ECF 5. Plaintiff's Amended Petition includes the conclusory statement that Defendants' conduct "occurred around May 1, 2025 where all the slander and key offenses occurred to include reference check releasing confidential information creating a Tort Claim in the State of Texas" but alleges no facts related to the alleged "1.2 million contract" or any specific actions by Defendants that give rise to her claims. ECF 5 at 2.

## II.    Legal Standards

### A. Rule 12(b)(2) Standards

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). *Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1016 (S.D. Tex. 2018). When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant by

---

claims Eleanora-Wells might bring in this Court and therefore this case should be dismissed in full.

prima facie evidence. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). The court determines whether plaintiff has met this prima facie burden by considering the allegations of the complaint as well as the contents of the record at the time of the motion. *Id.*; *Fintech Fund*, 327 F. Supp. 3d at 1016. However, the court is not required to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). If the plaintiff meets the prima facie burden, the burden shifts to defendant to show that the assertion of jurisdiction would be unfair. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008).

### B. Due Process Standards

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the forum state's long-arm statute, and (2) to the extent permitted by the due process clause of the Fourteenth Amendment. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). Because the Texas long-arm statute is coextensive with the limits of federal due process, this court need only address whether the exercise of jurisdiction over a defendant comports with the requirements of the Fourteenth Amendment. *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 335 (5th Cir.1999).

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has

"purposefully availed itself of the benefits and protections of the forum by establishing 'minimum contacts' with the forum state," and (2) the exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *International Shoe Co v. Washington*, 326 U.S. 310, 316 (1945).  Both prongs of the due process test must be fulfilled for this court to exercise personal jurisdiction over a defendant.

The first prong of the due process analysis, referred to as the "minimum contacts" requirement, may be satisfied if either: (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum (specific jurisdiction), or (2) the defendant has "continuous and systematic" contacts with the forum (general jurisdiction). *Alpine View*, 205 F.3d at 215; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984).  The "continuous and systematic contacts" test required for general jurisdiction requires extensive, substantial contacts and is a difficult test to meet. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Under the second prong of the due process analysis, the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice. The factors to be examined include: (1) the burden on the nonresident

defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

### III.   Analysis

#### A.   Plaintiff has not met her prima facie burden to show minimum contacts sufficient to satisfy general or specific jurisdiction.

Plaintiff's filings in state and federal court assert that Defendants are residents of Maryland, where they were served.  ECF 1-3 at 4-9, 187; ECF 5 (stating "The Defendant[s'] known address where they can be located and receive mail is 807 Brightseat Rd. Landover, Md 20785").  In response to Defendants' Motion to Dismiss, Plaintiff only asserts that she, *Plaintiff*, has contacts with Texas.  ECF 9. In fact, her Response states that "[t]he Defendants have committed a Tor[t] claim in the state of Maryland," and she has brought her case in Texas her residence is in Texas.  ECF 5 at 1, 3.   For purposes of personal jurisdiction it is *Defendants'* contacts with Texas that matter.  Plaintiff fails to allege that any Defendant has minimum contacts with Texas sufficient to make them "at home" in the state of Texas, as required to satisfy general jurisdiction standards. *See Landry's, L.L.C. v. Chubb Bermuda Ins., Ltd.*, No. 25-30566, 2025 WL 3516766, at *1 (5th Cir. Dec. 8, 2025) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

5

(2011)).  Plaintiff also fails to allege facts to support the conclusory allegation that

Defendants committed a tort in Texas or purposefully directed any activities towards

Texas that give rise to her claims, as required to satisfy specific jurisdiction.  *Id.*

**B.    Defendants have shown that they do not have minimum contacts with Texas to support general or specific jurisdiction.**

Defendants have presented Affidavits attesting as follows:

a. Defendants have at all times pertinent to this suit been residents and citizens of the State of Maryland.
b. At no time have the Defendants been a citizen or resident of the State of Texas and they are not "at home" in the State of Texas.
c. Defendants do not and have never owned property, real or personal within
Texas.
d. Defendants have no bank accounts in the State of Texas.
e. Defendants have never paid taxes in the State of Texas.
f. Defendants do not and have never conducted business in the State of Texas.
g. Any communications with the Plaintiff in this case, if any, have all taken place while Defendants were situated within the State of Maryland.

ECF 4-1.  Plaintiff has not rebutted Defendants' evidence.  *See generally* ECF

5; ECF 9.

**C.    Plaintiff's Motion to Remand should be denied.**

In her response, Plaintiff asserts that Defendants' removal was

untimely.  ECF 9 at 3-4.  However, she also states that she "is requesting [to]

go forth with this case in the Harris County District Court for the Southern

District of Texas."  ECF 9 at 3.  To the extent Plaintiff is asking that this case

be returned to Harris County Court at Law where she filed it, the request should be denied.  Defendants have met their burden to prove subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  ECF 3. While the individual Defendants did not remove this case within 30 days of initial service, The Maryland Department of Education removed the case, with the consent of the individual Defendants, within 30 days of the Amended Petition first naming it as a Defendant.  *Id.*  Thus, Defendants' removal was timely.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347– 48 (1999) (holding "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

### III.   Conclusion and Recommendation

Because Plaintiff has not met her burden to show that Defendants have minimum contacts with Texas necessary to support general or specific jurisdiction, the exercise of personal jurisdiction over them in this forum would offend traditional notions of fairness and substantial justice.  Therefore, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 4) be GRANTED and this case be

DISMISSED without prejudice. *See American Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 666 (5th Cir. 2004) (where district court's ruling on personal jurisdiction does not address the merits of plaintiff's claims, dismissal should be without prejudice to filing in an appropriate forum).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 29, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge